IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH COLLINS                                                            PLAINTIFF

v.                             CIVIL NO. 18-05162

ANDREW SAUL[1], Commissioner                             DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Kenneth Collins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application on July 10, 2014. (Tr. 12). In his application, Plaintiff alleged disability beginning on July 2, 2014, due to: diabetes, bleeding in his eyes caused by diabetes, sleep apnea, and left shoulder injury and residuals. (Tr. 12, 181, 185). An administrative hearing was held on July 17, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 25-56).

By written decision dated August 27, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: diabetes,

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

high blood pressure, reduced range of motion in left shoulder secondary to adhesive capsulitis, and blind right eye. (Tr. 9, 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except he was limited to occasional overhead reaching and lifting, and no operating of moving equipment. (Tr. 15-18).

With the assistance of a vocational expert ("VE"), the ALJ then determined Plaintiff would be able to perform his past relevant work as a labeler. (Tr. 18). Alternatively, he would be able to perform the representative occupations of storage facility rental clerk or counter attendant, coffee shop or lunch counter. (Tr. 18).

Plaintiff filed an appeal, and the Commissioner filed an unopposed motion requesting Plaintiff's case be remanded pursuant to "sentence four" of section 405(g). (Tr. 574-75). The Court found remand for the purpose of further evaluation of the evidence appropriate, and granted the Commissioner's unopposed motion to remand the case for further consideration on May 15, 2017. Id.

A second administrative hearing was held on February 15, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 532-49). At that time, Plaintiff amended the closed period date to July 2, 2014, through October 3, 2016. (Tr. 534).

By written decision dated April 19, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: hypertension, diabetes mellitus with retinopathy, disorder of the left shoulder, and blindness of the right eye. (Tr. 506, 511). However, after reviewing all of the evidence presented, the

ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 512). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except he was limited to occasional overhead reaching bilaterally and no operation of dangerous moving machinery or unprotected heights. (Tr. 512-13).

With the assistance of a vocational expert ("VE"), the ALJ then determined Plaintiff would be unable to perform any of his past relevant work. (Tr. 514). However, the ALJ found Plaintiff would be able to perform the representative occupations of packing line worker or plastics worker. Id.

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent

3

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his RFC assessment as it did not contain visual impairments, despite finding Plaintiff's right eye blindness to be a severe impairment; and 2) Whether the ALJ erred in his evaluation of Plaintiff's credibility and the consistency of his subjective complaints. (Doc. 14). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 2nd day of March 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE